# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 464 - 1 | **DATE** | 3/17/2004 |
| **CASE TITLE** | United States vs. Richard Carmen | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant Richard Carmen's Motion to Require Pretrial Notice of the Government's Intention to Inquire on Cross Examination of the Defendant as to Specific Instances of Conduct under Rule 608(b) of the Federal Rules of Evidence [123] is DENIED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | Document Number |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 286 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| ad | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

MAR 19 2004

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | 02 CR 464-1 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| RICHARD CARMEN, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**
MAR 1 9 2004

## MEMORANDUM OPINION AND ORDER

Defendant Richard Carmen seeks disclosure of any specific instances of misconduct the

government will use to impeach him under Fed. R. Evid. 608(b) should he testify at trial. In

response, the prosecution points out that Rule 608(b) contains no notice provision. Further, "[n]o

rule or rationale guarantees the defense advance knowledge of legitimate impeachment before it

calls a witness." *United States v. Baskes,* 649 F.2d 471, 477 (7th Cir. 1980). (*Government's

Consolidated Response*, at 7)

In point of fact, plaintiff is not seeking evidence that the government intends to use, as

Rule 608(b) does not delineate evidence that the government may actually use in court or

introduce at trial, so much as types of conduct which may be inquired about on cross examination

of defense witnesses. The rule specifically states that prior instances of conduct being used

solely to attack a witness' credibility may not be proven by extrinsic evidence, but only inquired

into during cross-examination if they relate to the witness' character for truthfulness. It is,

therefore, not evidence that the defense seeks by this motion, but rather insight into what the

government knows about the defendant's prior conduct and how it intends to use this knowledge



at trial. The Court agrees with the government that this goes too far. Further, the information - at least as to the prior conduct, if not the government's intention to use it - is easily available to the defense from the defendant himself. Finally, any particular instances which the defense objects to can be brought to the court's attention in a motion in limine.

For the reasons stated above defendant's motion for disclosure of Rule 608 evidence of character and conduct is DENIED.

SO ORDERED.                    ENTERED:  3/17/04

HON. RONALD A. GUZMAN
United States Judge