# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 464 - 1 | **DATE** | 6/28/2004 |
| **CASE TITLE** | USA vs. RICHARD CARMEN | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For all of the foregoing reasons, the Court denies defendant's Motion to Exclude Gruesome Depictions of the Victims [129] without prejudice. Defendant's request for notice of the government's intent to introduce the aforementioned photographs at trial is granted. Defendant's Motion to Strike Surplusage and Exclude Evidence of Gang Affiliation [133] is denied. Defendant's Motion to Strike Surplusage and Exclude References to the "Carman Brothers Crew" [137] is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 29 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 323 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | |
| | | date mailed notice | |
| CG courtroom deputy's initials | 2004 JUN 28 PM 3:22 Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 02 CR 464-1 |
| | ) | |
| v. | ) | Judge Ronald A. Guzmán |
| | ) | |
| RICHARD CARMAN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Richard Carman's Motions to (1) Exclude Gruesome Depictions of the Victims, (2) Strike Surplusage and Exclude Evidence of Gang Affiliation, and (3) Strike Surplusage and Exclude References to the "Carman Brothers Crew." Defendant's motions are denied in part and granted in part, as explained below.



## Background

This case involves eleven defendants and a twenty-nine count superseding indictment (hereinafter "indictment") alleging a pattern of racketeering activity and an overlapping drug conspiracy. Defendant Richard Carman was the alleged ringleader. A detailed understanding of the case is not necessary for purposes of these motions, and therefore only the relevant facts are included in this opinion.

## Analysis

**I.  Motion to Exclude Gruesome Depictions of the Victims.**

One of the charged racketeering acts in this case involves the alleged kidnaping, interrogation and torture of seven individuals who were suspected of stealing drugs and

1

money from one of the defendants. In the aftermath of the kidnaping, law enforcement took photographs of the victims' injuries. The photographs depict severe burns to the victims' genitals and anuses as well as other parts of their bodies. These photographs were shown to the grand jury and have been disclosed to defendants during discovery. Richard Carman requests an order excluding these photographs from the trial. In the alternative, Carman seeks an order requiring the government to give notice and establish the relevance of any such photograph prior to introducing it at trial.

In support of the motion, Carman argues the photographs are inadmissible under Rule 403 because they do not aid the jury in resolving any matter at issue.[1] According to defendant, neither the victims' identities, nor the injuries sustained, are disputed. Defendant claims that the victims will be available to testify to their injuries and that admitting the photographs will only serve to inflame the jury. The government, on the other hand, contends the photographs are highly probative and admissible because they illustrate and corroborate the victims' testimony and support the government's theory of the case. The government also claims the motion is premature because it has not yet decided which photographs it intends to introduce at trial. Neither party has indicated how many photographs are at issue.

The admissibility of evidence under Rule 403 is squarely within the trial judge's

---

[1] None of the cases cited by defendant establishes this as an absolute rule. The only case cited by defendant where a photograph was excluded is *United States v. Salim*, 189 F. Supp. 2d 93, 98 (S.D.N.Y. 2002), which is distinguishable. In *Salim*, the photograph was taken after the victim underwent surgery to remove a comb from his eye. *Id.* at 98-99. The court excluded it, but stated it would revisit the issue if the government could show the photograph accurately depicted injuries from the attack and not also trauma from the surgery. *Id.* at 99. In this case, Carman has made no claim that the photographs inaccurately depict injuries inflicted during the kidnaping.

discretion. *United States v. Souffront*, 338 F.3d 809, 825 (7th Cir. 2003). In determining whether relevant evidence should be excluded, a court must decide whether its probative value "is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403. Undue prejudice means "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* advisory committee's notes. Photographs, in particular, can be unfairly prejudicial if they are "sufficiently shocking or repulsive" enough to necessarily elicit an emotional response from the jury. *Souffront*, 338 F.3d at 826.

Defendant's argument that gruesome photographs are inadmissible if they do not relate to a disputed issue of fact warrants careful consideration in light of *Gomez v. Ahitow*, 29 F.3d 1128, 1139 (7th Cir. 1994) and *Ferrier v. Duckworth*, 902 F.2d 545, 548-49 (7th Cir. 1990). In both cases, the Seventh Circuit indicated that the district court erred in admitting gruesome photographs, but ultimately found no reversible error. *Id.* For instance, in *Gomez*, the defendant was convicted of armed robbery and murder. 29 F.3d at 1129. The court admitted photographs showing the victim's body at the crime scene and the gunshot wounds from which he died. *Id.* at 1139. In his habeas petition, the defendant claimed admission of these photographs violated his constitutional right to due process and right to a fair trial. *Id.* The government contended the photographs were properly admitted because they were "corroborative of testimonial evidence and were probative of the circumstances of Perez's death." *Id.* Neither the fact of Perez's death nor the cause of his death were at issue. The Seventh Circuit remarked that the "only conceivable reason for placing them in evidence was to inflame the jury," but ultimately denied defendant's petition. *Id.* at 1139 (quoting *Ferrier*, 902 F.2d at 548).

3

The government, on the other hand, contends that it is not limited to one piece of evidence to prove its case, even when an element is uncontested. *Old Chief v. United States*, 519 U.S. 172 (1997). The government cites *Gonzalez v. DeTella*, 127 F.3d 619, 621 (7th Cir. 1997), in which graphic photos of shooting victims were admitted to corroborate and illustrate the testimony of a witness and a pathologist. The Seventh Circuit concluded that the photographs were relevant and the risk of misleading the jury was not great enough to render the defendant's trial constitutionally unfair. *Id.* (emphasis added). *See also United States v. Velasquez*, 246 F.3d 204, 210 (2d Cir. 2001) (autopsy photographs admitted to establish severity of beating and underscore moral blame in covering it up, even though defendant offered to stipulate that the beating occurred).

While these cases do not dictate a ruling one way or the other, they do suggest that the photographs at issue demand careful consideration. The Court recognizes that photographs of burns suffered by the kidnaping victims serve an important purpose in proving that the kidnaping and torture occurred and that these photographs may very well corroborate and illustrate the victims' testimony and the government's theory of the case, but that does not end the inquiry. The photographs are allegedly very gruesome in that they depict severe burns to the victims' genitals, anuses, and other parts of their bodies. As such, they may be sufficiently shocking to elicit an emotional response from the jury. Further, the probative value of the photographs is somewhat lessened if they do not relate to a disputed issue of fact.

In sum, the Court cannot conduct the required balancing test and make a final ruling on admissibility without first knowing how many photographs are at issue, viewing the photographs, and considering the specific bases for admission of each one.

4

Therefore, the Court denies defendant's motion to exclude gruesome photographs of the alleged victims without prejudice. Defendant's request for notice of the government's intent to introduce these photographs at trial is granted. The government is hereby ordered to give defendant notice of its intent to introduce any of the disputed photographs at least thirty days prior to trial. Within seven days thereafter, defendant may renew his motion, at which time the Court will review the photographs and make a final ruling on admissibility.[2]

## II. Motion to Strike and Exclude Latin Kings Evidence.

Defendant Richard Carman moves to strike references to the Latin Kings gang from the indictment and exclude all such evidence from the trial. This motion is denied for the reasons that follow.

Carman argues that evidence relating to various defendants' membership in the Latin Kings street gang should be excluded from trial because it is irrelevant and unfairly prejudicial. To exclude gang evidence, a defendant must demonstrate that the probative value is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. Courts recognize that gang evidence is "likely to be 'damaging to a defendant in the eyes of the jury,'" therefore its admissibility must be carefully considered. *United States v. Butler*, 71 F.3d 243, 251 (7th Cir. 1995) (quoting *United States v. Rodriguez*, 925 F.2d 1049, 1053 (7th Cir. 1991)). At the same time, gang affiliation is "particularly relevant, and has been held admissible, in cases where the interrelationship among various

---

[2] This opinion applies only to photographs described in this motion and not to any other unidentified "gruesome depictions" of the victims.

defendants is a central issue." *United States v. Thomas*, 86 F.3d 647, 652 (7th Cir. 1996) (collecting cases).

The government contends that the Latin Kings evidence is admissible because it is relevant to proving the genesis, composition, and evolution of the alleged RICO enterprise. Seven defendants in this case are alleged to be members of the Kedzie and Cortez section of the Latin Kings (hereinafter "KC Latin Kings"). Two other defendants are alleged to be members of other sections of the Latin Kings, and the remaining two defendants are alleged to be members of other street gangs. In 1994, defendant Richard Carman was put in charge of a subsection of the KC Latin Kings. Carman allegedly used his status within the gang to recruit trusted Latin Kings members to participate in the drug transactions, kidnapings, and robberies that form the basis for the RICO and conspiracy charges. The government contends that the Latin Kings evidence will help explain not only how Richard Carman was able to convince his co-defendants to participate in the alleged crimes, but also the continued allegiance of at least one co-defendant even after Carman shot him through the leg.

Carman does not rebut these allegations, rather he contends that evidence of defendants' ties to the Latin Kings is irrelevant because the gang is not the charged RICO enterprise. This argument misses the point. The Court has little trouble agreeing with the government that the gang affiliation evidence is probative of the alleged genesis, composition and operation of the alleged enterprise and conspiracy. The evidence will aid the jury in understanding the context of defendants' relationships with each other and the influence certain defendants had over others. Thus, the Court finds the probative

6

value outweighs the potential for unfair prejudice. Of course, this does not mean that the government is entitled to introduce unlimited Latin Kings evidence. Moreover, the government is still required to prove that each individual defendant participated in the specific crimes with which he is charged. *See United States v. Thomas*, 86 F.3d at 653 (probative value of evidence of gang membership outweighed potential threat of jury finding defendant "guilty by association" because there was also direct evidence of defendant's participation in drug conspiracy). Defendant's motion to exclude evidence at trial of defendants' Latin Kings gang affiliation is therefore denied.

Defendant further argues that references to the Latin Kings street gang are mere surplusage and should be stricken from the indictment. A motion to strike under Fed. R. Crim. P. 7(d) should be granted only if the targeted allegations are clearly not relevant to the charge, and are inflammatory and prejudicial. *United States v. Chaverra-Cardona*, 667 F. Supp. 609, 611 (N.D. Ill. 1987). As explained above, evidence of defendants' gang affiliation is relevant to the charged crimes. The motion to strike is therefore denied.

### III.  Motion to Strike and Exclude References to the "Carman Brothers Crew."

The indictment refers to the RICO enterprise as the "Carman Brothers Crew," after defendants Richard and Jerome Carman, who are in fact brothers. Richard Carman moves to strike the name "Carman Brothers Crew" from the indictment and preclude use of it at trial.[3] Defendant asserts that the government invented the name, and that it

---

[3] Defendant Jerome Carman has not objected to use of the name "Carman Brothers Crew."

presupposes the existence of a RICO enterprise and the brothers' roles in it, which the government has the burden of proving. The government does not contend that anyone used the name "Carman Brothers Crew" to refer to defendants. Instead, the government argues that the name serves the essential purpose of identifying the RICO enterprise, which makes it relevant and not inflammatory.

The Court agrees with the defendant. An attorney cannot make statements relying on evidence which has not been put before the jury. *United States v. Velez*, 46 F.3d 688, 691 (7th Cir. 1995). "On the other hand, when the jury has the evidence in its possession and is equipped to ascertain whether the government's characterization is accurate, a statement characterizing that evidence is not improper." *Id.* at 692. The government is not entitled to refer to the enterprise as the "Carman Brothers Crew" unless it puts forth evidence tending to show that an enterprise existed and that Richard and Jerome Carman were its leaders. Thus, the motion to preclude use of the phrase the trial is granted. The motion to strike the phrase from the indictment is denied without prejudice. If Carman so desires, he can raise the issue again before the indictment goes to the jury. The Court will revisit the issue at that time based on the evidence adduced at trial.

## CONCLUSION

For all of the foregoing reasons, the Court denies defendant's Motion to Exclude Gruesome Depictions of the Victims [129] without prejudice. Defendant's request for notice of the government's intent to introduce the aforementioned photographs at trial is granted. Defendant's Motion to Strike Surplusage and Exclude Evidence of Gang

Affiliation [133] is denied. Defendant's Motion to Strike Surplusage and Exclude References to the "Carman Brothers Crew" [137] is granted in part and denied in part.

**SO ORDERED**  ENTERED: 6/28/04

HON. RONALD A. GUZMAN
**United States Judge**