# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 CR 464 - 1,8 | **DATE** | 7/26/2004 |
| **CASE TITLE** | USA vs. RICHARD CARMEN and OMAR AVILA | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____, set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Carman's [doc. no. 124] and Avila's [doc. no. 173] motions for a bill of particulars are denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 2 7 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 338 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| CG | courtroom deputy's initials | U.S. DISTRICT COURT 2004 JUL 26 PM 2: 04 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

**DOCKETED**

JUL 2 7 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,     )
                              )
Plaintiff,                    )
                              )     No. 02 CR 464 - 1, 8
v.                            )
                              )     Judge Ronald A. Guzmán
RICHARD CARMAN, OMAR AVILA,   )
                              )
Defandants.                   )
                              )

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants Richard Carman and Omar Avila's (collectively "Movants")

individual motions for bills of particulars pursuant to Federal Rule of Criminal Procedure Rule 7(f).

For the reasons stated below, the motions are denied.


## BACKGROUND

On March 26, 2003, Movants and others were charged in a twenty-nine count superseding

indictment.[1] Of these twenty-nine counts, the indictment charged Richard Carman with Counts One

through Twenty-Four, and Avila with Counts One through Five. Count One consists of a RICO

violation, alleging seventeen predicate acts. Count Two consists of a RICO conspiracy. Count

Three alleges a drug conspiracy while Counts Four and Five allege that Movants kidnapped and

murdered Sindulfo Miranda. The remaining counts against Richard Carman allege numerous

---

[1] A detailed discussion of the allegations in the indictment is found in this Court's
Memorandum Opinion and Order entered on July 14, 2004, denying several defendants' motions
for severance.

statutory violations, including charges for drug possession and distribution, firearm possession, extortion, and witness tampering.

Shortly after the filing of the superseding indictment, Movants filed their Motions for a Bill of Particulars.[2] In essence, Movants ask that the Court direct the Government to file a Bill of Particulars in order for them to understand the scope of the government's allegations, adequately prepare for trial and avoid being placed in double jeopardy.

## ANALYSIS

Under Rule 7(f) of the Federal Rules of Criminal Procedure, "the trial judge has discretion to grant or deny a request for a bill of particulars." *United States v. Andrus*, 775 F.2d 825, 843 (7th Cir. 1985). Absent abuse of discretion, the trial court's decision will not be disturbed on appeal. *See Wong Tai v. United States*, 273 U.S. 77, 82 (1927). Furthermore, "[t]he denial of a motion for a bill of particulars does not constitute an abuse of discretion 'unless the deprivation of the information sought leads to the defendant's inability to adequately prepare his case, to avoid surprise at trial, or avoid the later risk of double jeopardy.'" *United States v. Roya*, 574 F.2d 386, 391 (7th Cir. 1978) (quoting *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971)).

In analyzing the whether a bill of particulars is necessary, courts have looked to factors such as "the complexity of the charges, the clarity of the indictment, and the availability of discovery." *United States v. Silesia Flavorings Inc.*, No. 03 CR 851, 2004 U.S. Dist. LEXIS 3147, at *15 (N.D. Ill. Feb. 26, 2004). The necessity of a bill of particulars depends on "whether the indictment sets forth the elements of the offense charged and sufficiently appraises the defendant of the charges to

---

[2] Fed. R. Crim. P. 7(f) states that a defendant may move for a bill of particulars within 10 days following arraignment or at a later time if the court permits. Both motions are timely because they were filed within the time period set by this Court for the filing of pre-trial motions.

enable him to prepare for trial." *Roya*, 574 F.2d at 391. This requirement is satisfied when "an indictment setting forth the elements of each offense charged, the time and place of the defendant's conduct that violated that offense, and citation to the statute or statutes violated." *United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981).

In analyzing the sufficiency of the indictment, Movants do not allege, nor does this Court find, that the indictment fails to sufficiently set forth the elements of the offenses with which they are being charged. Furthermore, for all counts, the indictment cites the applicable statute. However, Movants make numerous requests for more specificity involving the times, dates and places associated with the allegations set forth in the indictment. For example, Count 24 of the superseding indictment alleges that "in or about August 2001" Richard Carman distributed crack cocaine. As such, in his motion for a bill of particulars, Richard Carman seeks "specificity when 'in or about August 2001' Defendant distributed a controlled substance." (Carman Mot. at 10.)

As currently set forth, this Court finds that the dates and places listed in indictment are not so vague or indefinite that Movants will be unable to know the nature of the charges against them, nor will they be limited in their ability to prepare for trial or avoid double jeopardy. Furthermore, the precedent set forth by the Seventh Circuit in *Kendall* does not mandate that an indictment list the *exact* time and place of a defendant's allegedly illegal conduct. *See Kendall*, 665 F.2d at 134. Moreover, a "defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *Id.* at 135. As such, because the Court finds that the indictment sets forth the elements of the offenses Movants are charged with and sufficiently apprises them of those charges so that they can prepare for trial, a bill of particulars is unnecessary.

Additionally, "a bill of particulars is not required when information necessary for a defendant's defense can be obtained through some other satisfactory form." *United States v. Canino*,

949 F.2d 928, 949 (7th Cir. 1991) (internal quotation omitted). In the present case, the Government

has opted for an "open-file" policy for the approximately 10,000 pages of witness and non-privileged

investigative materials.[3] Because an "open-file" policy is considered "an adequate 'satisfactory

form' of information retrieval," the bill of particulars is unnecessary. *Canino,* 949 F.2d at 949.

Moreover, 10,000 pages are not so voluminous to necessitate a bill of particulars, especially in a case

where Movants have a lengthy period to review the information prior to trial and where the

indictment sufficiently apprises Movants of the charges against them. *See United States v. Hassur,*

No. 01-40124-01-JAR, 2002 WL 31682362, at *2 (D. Kan. Nov. 22, 2002) (denying defendant's

motion for a bill of particulars in light of the government's "open-file" policy and the finding that

the indictment is specific enough to narrow the defendant's research of discovery materials which

included "a three inch stack of reports, 200 boxes in a warehouse and 33 boxes of records").

Richard Carman contends that it would be "far simpler, and more time-efficient for the

government to file a bill of particulars" but offers no authority for this proposition.[4] (Carman Reply

at 5.) This statement misunderstands the purpose of a bill of particulars. A bill of particulars is a

tool used not for the sake of simplicity or efficiency, but for the purpose of informing a defendant

when he lacks the "central facts which will enable him to conduct his own investigation of the

transactions giving rise to the charge." *United States v. Manetti,* 323 F. Supp. 683, 696 (D. Del. Feb.

8, 1971).

---

[3] According to the Government in its Response, the discovery material includes "reports of interviews, written statements, transcripts of grand jury testimony, and plea agreements of defendants, uncharged participants and other prospective witnesses." (Consolidated Resp. at 17.)

[4] In *United States v. Wolf,* No. 92 CR 727, 1993 U.S. Dist. LEXIS, 6765, at *33 (N.D. Ill. May 17, 1993), the district court rejected an argument offered by defense counsel that their motion for a bill of particulars should be granted because they "should not be burdened with sifting through irrelevant documents in order to located the information" sought.

As noted above, in the exercise of discretion courts have looked to the complexity of the charges, the indictment's clarity and the availability of discovery. While multi-defendant RICO cases often involve many charges, the Court finds that the indictment sufficiently apprises Movants of the charges against them. When combined with the Government's "open-file" discovery policy, the Court is more than satisfied that Movants can adequately prepare their case while avoiding surprise at trial and the risk of double jeopardy. Accordingly, Movants' motions are denied.

## CONCLUSION

For the foregoing reasons, Carman's [doc. no. 124] and Avila's [doc. no. 173] motions for a bill of particulars are denied.

SO ORDERED

ENTERED: 7/26/04

HON. RONALD A. GUZMAN
United States Judge